## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA JAHANGIRI<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF STATE, *et al.*,<br><br>          Defendants. | Civil Action No. 23-01487 (CKK) |

## MEMORANDUM OPINION
(August 11, 2023)

On May 24, 2023, Plaintiff Sara Jahangiri filed a [1] Complaint seeking a judgment compelling Secretary of State Antony Blinken and the United States Department of State (together, "Defendants"), to render a decision on her K-1 nonimmigrant visa application, pursuant to the Administrative Procedure Act's ("APA") bar on "unreasonabl[e] delay." 5 U.S.C. § 706(1). The Court then issued an order stating that the matter was before the Court on *sua sponte* review of Plaintiff's [1] Complaint ("Compl."). *See* Minute Order, July 7, 2023. The Court ordered Plaintiff to show cause on or before July 28, 2023 why Plaintiff's Complaint should not be dismissed *sua sponte* for failure to state a claim. *Id.* Plaintiffs then filed the [6] Response to Order to Show Cause ("Pl.'s Resp."). Upon review of the Plaintiff's [1] Complaint, [6] Response, the relevant legal authority, and the record as a whole, the Court shall *sua sponte* **DISMISS** Plaintiffs' [1] Complaint in its entirety.

### I.  BACKGROUND

Plaintiff Sara Jahangiri is a citizen of Iran who is engaged to a United States citizen. Compl. ¶ 8. In June 2021, her fiancé filed an I129F, Petition for Alien Fiancé(e), with the United States Citizenship and Immigration Services, which was approved in September 2022. *Id.* ¶¶ 9,

11.  In December 2022, Plaintiff submitted a K-1 nonimmigrant visa application.  *Id.* ¶ 12.  Plaintiff appeared for an interview on January 19, 2023 at the United States Embassy in Ankara, Turkey.  *Id.* ¶ 13.  After the interview, Plaintiff received a notice informing her that her application had been refused for administrative processing and that Defendants would notify her by email when processing had been completed.  *Id.* ¶ 14.  On January 20, 2023, Defendants sent Plaintiff an email requesting that Plaintiff complete and submit form DS-5535 with supplemental questions, which she did on January 24, 2023.  *Id.* ¶ 15.  Since then, although both Plaintiff and her fiancé have inquired as to the status of her application on numerous occasions, her application has remained in administrative processing.  *Id.* ¶¶ 16–18.

Plaintiff then filed this action in May 2023.  *See generally id.*  Plaintiff alleges that the delay in adjudicating her application has "caused her and her fiancé… to suffer significant, ongoing harm in that they remain in legal limbo as to whether they are able to start their lives together as a couple in the United States."  *Id.* ¶ 19.  Plaintiff argues that Defendants' delay in adjudication is unreasonable under the Administrative Procedure Act.  *Id.* ¶ 31 (citing 5 U.S.C. § 706(1)).

## II.  LEGAL STANDARD

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted.  *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013) (RC).  However, it is well settled in this Circuit that a court may dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6) where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged in the complaint.  *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990) (per curiam).

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006) (PLF).

### III.  DISCUSSION

Plaintiff argues that Defendants' delay in adjudication is unreasonable under the Administrative Procedure Act. Compl. ¶ 31 (citing 5 U.S.C. § 706(1)). Although a court may order an agency "to perform a [mandatory] act, [i.e.,] to take action upon a matter," a court may not decide "how [the agency] shall act." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004).

To determine whether a plaintiff has sufficiently alleged that agency action has been "unreasonably delayed," courts apply the familiar "*TRAC*" factors laid out in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984):

> (1)  the time agencies take to make decisions must be governed by a rule of reason;
>
> (2)  where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation
are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on
agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the
interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency
lassitude in order to hold that agency action is unreasonably delayed.

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*,

750 F.2d at 80) (internal quotation marks omitted); *see also Skalka v. Kelly*, 246 F. Supp. 3d 147,

152 (D.D.C. 2017) (RJL) (applying *TRAC* factors to claim for mandamus relief).  Plaintiff points

to case law from the United States Court of Appeals for the Ninth Circuit for the idea that "this

Court need not assess the TRAC factors."  Compl. ¶ 33.  However, this is not binding precedent,

and it is the law of this Court to apply *TRAC*.  Whether a delay is unreasonable "cannot be decided

in the abstract, by reference to some number of months or years beyond which agency inaction is

presumed to be unlawful, but will depend in large part… upon the complexity of the task at hand,

the significance (and permanence) of the outcome, and the resources available to the agency."

*Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003).  The

Court now considers the various factors in turn.

A. ***TRAC* Factors One and Two**

The United States Court of Appeals for the District of Columbia Circuit has explained that

the first *TRAC* factor—the time agencies take to make decisions must be governed by a "rule of

reason"—is the "most important," although it is generally reviewed with the second *TRAC* factor

as well.  *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).  The inquiry centers on

"whether the agency's response time… is governed by an identifiable rationale."  *Ctr. for Sci. in
the Pub. Interest v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014) (JEB).  Because Congress has

provided no statutory timeframe indicating how quickly it requires the State Department to adjudicate and re-adjudicate visa applications, *TRAC* factor two is inapplicable. "To the contrary, Congress has given the agencies wide discretion in the area of immigration processing." *Skalka,* 246 F. Supp. at 153–54 (noting that a two-year delay in processing an immigration visa "does not typically require judicial intervention").

In general, courts in this jurisdiction have regularly found that the Government applies a "rule of reason" to the review of visa petitions by adjudicating applications in the order they were filed. *See, e.g., Muvvala v. Wolf*, No. 20-02423 (CJN), 2020 WL 5748104, at *3 (D.D.C. Sept. 25, 2020) ("Other federal courts have held that this first-in, first-out method of adjudication constitutes a 'rule of reason' and satisfies the first TRAC factor."). Courts in this jurisdiction often look to the length of delay as a rough yardstick to determine whether that "first-in, first-out" rule is, in fact, being applied.

Plaintiff Jahangiri had her interview in January 2023 and, since then, her application has remained in administrative processing. Compl. ¶¶ 13–17. Plaintiff argues that this delay of eight months is unreasonable. *Id.* ¶ 31.

However, courts in this jurisdiction routinely find that delays of numerous *years* are not unreasonable. *See, e.g.*, *Zaman v. U.S. Dep't of Homeland Sec.*, No. 19-3592 (ABJ), 2021 WL 5356284, at *6 (D.D.C. Nov. 16, 2021) (finding that a delay of forty-two months was "insufficient to warrant emergency relief in this district"); *Pourshakouri v. Pompeo*, No. 20-0402 (RJL), 2021 WL 3552199, at *8–9 (D.D.C. Aug. 11, 2021) (finding delay of forty-four months not unreasonable); *Varghese v. Blinken*, No. 21-2597 (CRC), 2022 WL 3016741, at *5 (D.D.C. July 29, 2022) (finding delay of "around four years" does "not warrant judicial intervention, standing alone"); *Arab v. Blinken*, No. 21-1852 (BAH), 2022 WL 1184551, at *8 (D.D.C. Apr. 21, 2022)

(ruling that a thirty-month delay was not unreasonable); *see also Yavari v. Pompeo*, No. 2:19-cv-02524, 2019 WL 6720995, at \*8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable.").

In the Court's show cause order, it directed Plaintiff to *Eljalabi v. Blinken*, No. 21-1730 (RC), 2022 WL 2752613, at \*6 (D.D.C. July 14, 2022), which collects additional cases. *See* Minute Order, July 7, 2023. Plaintiff spends most of her response distinguishing her case from *Eljalabi*.

First, Plaintiff argues that while in *Eljalabi*, the "suspension of routine visa services abruptly occurred as a direct effect of the COVID-19 global pandemic," which affected that plaintiff's visa processing, that is "not the case here" and, therefore, because *Eljalabi* is not factually analogous, the delay in Plaintiff's case cannot be justified. Pl.'s Resp. at 4. While Plaintiff is correct about the differences in timing and whether processing was impacted by the pandemic, that is of no import.[1] There are numerous cases in which courts have found delays much longer than Plaintiff's, and where there was no COVID-19-related delay, to be not unreasonable. *See, e.g.*, *Didban v. Pompeo*, 435 F. Supp. 3d 168 (D.D.C. 2020) (CRC) (case filed in 2019, prior to the pandemic); *Bagherian v. Pompeo*, 442 F. Supp. 3d 87 (D.D.C. 2020) (JDB) (same).

Plaintiff next argues that in *Eljalabi*, the plaintiff had not yet been scheduled for a consular interview, while in her case, she had already attended an interview. *Id.* at 5. Plaintiff implies that this factual divergence means that the delay in Plaintiff's case cannot be justified. However, again,

---

[1] Also, even though Plaintiff's interview occurred after the peak of the pandemic, COVID-19-related delays may continue to affect how many other applicants are awaiting visas.

the difference is of no import.  There are numerous cases in which courts consider lengthy delays of administrative processing after attending an interview to not be unreasonable.  *See, e.g.*, *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155 (D.D.C. 2022) (JEB).

The time period for which Plaintiff Jahangiri's application has been in administrative processing is well within the bounds of that which other courts have found reasonable.  Therefore, the Court finds that the first and second *TRAC* factors do not lend credence to Plaintiff's claim.  As *TRAC* factor one is considered the "most important" factor, this finding weighs heavily in the Court's ultimate holding.

**B.  *TRAC* Factors Three & Five**

The third and fifth *TRAC* factors are often considered together and require the Court to consider Plaintiff's interests, health, and welfare.  *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-00397 (ABJ), 2020 WL 1308376, at *9 (D.D.C. Mar. 19, 2020).

Plaintiff Jahangiri alleges that her "welfare is clearly at stake," as "failure to adjudicate leaves [her] in administrative uncertainty, legal limbo and knowledge that eventual denial of her Application could result in her being unable to start a life with her fiancé(e) [sic] in the United States."  Compl. ¶ 32.

The Court is sympathetic to these concerns and reminds the Government that it must treat Plaintiff's case with 'the sense of urgency one would expect when familial interests are at stake." *Skalka*, 246 F. Supp. 3d at 154.  The delay in adjudicating Plaintiff's K-1 visa has forced her "to endure a prolonged and indefinite separation" from her fiancé, which is "undeniably significant." *Didban*, 425 F. Supp. 3d at 177.  At the same time, the Court must also be mindful that "many others face similarly difficult circumstances as they await adjudication of their visa applications." *Mohammed v. Blinken*, No. 20-3696, 2021 WL 2866058, at *6 (D.D.C. July 8, 2021) (TNM); *see*

*also Palakuru v. Renaud*, 521 F. Supp. 3d 46, 53 (D.D.C. 2021) (TNM) ("While the Court does not doubt that [plaintiff] has an interest in prompt adjudication, so too do many others facing similar circumstances").

On balance, the Court does find that Plaintiff will face significant consequences without intervention and *TRAC* factors three and five lean in her favor.  *See*, *e.g.*, *Zandieh v. Pompeo*, No. 20-919 (JEB), 2020 WL 4346915, at *5 (D.D.C. July 29, 2020) (third and fifth factors favored plaintiffs due to harm from family separation); *Penn v. Blinken*, No. 21-1055 (TJK), 2022 WL 910525, at *6 (D.D.C. March 29, 2022).

### C. *TRAC* Factor Four

Next, *TRAC* factor four requires an assessment of "the effect of expediting delayed action on agency activities of a higher or competing priority."  *TRAC*, 750 F.2d at 80.

Granting Plaintiff Jahangiri the relief she seeks would merely "reorder a queue of applicants seeking adjudication."  *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021) (BAH). The D.C. Circuit has emphasized the importance of considering "competing priorities" in assessing the "reasonableness of an administrative delay"–even "refus[ing] to grant relief when all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue [would] simply move[] all others back one space and produce[] no net gain."  *Mashpee Wampanaoag Tribal Council, Inc.*, 336 F.3d at 1100 (quoting *In re Barr*, 930 F.2d 72, 75 (D.C. Cir. 1991)); *see also Ghadami*, 2020 WL 1308376, at *9 (finding that "expediting review in [the plaintiff's] case would merely direct government resources from the adjudication of other waiver applications").  Any such order would plainly interfere with the agency's "unique—and authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way."  *In re Barr*, 930 F.2d at 76.

Courts in this jurisdiction, including *this* Court, routinely decline to grant relief that would place one prospective visa applicant ahead of others.  *See, e.g.*, *Xiaobing Liu v. Blinken*, 544 F. Supp. 3d 1, 13 (D.D.C. 2021) (TJK) ("This factor not only favors Defendants, but ends up altogether dooming Plaintiffs' claims of unreasonable delay."); *Verma v. U.S. Citizenship and Immigr. Servs.*, No. 20-3419 (RDM), 2020 WL 7495286, at *9 (D.D.C. Dec. 18, 2020); *Dehghanighanatghestani v. Mesquita,* No. 22-2595 (CKK) 2022 WL 4379061, at *7 (D.D.C. Sept. 22, 2022); *Pushkar v Blinken*, No. 21-2297, 2021 WL 4318116, at *7 (D.D.C. Sept. 23, 2021) (CKK); *Desai*, 2021 WL 1110737, at *7; *Manzoor v. USCIS*, No. 21-2126 (CKK), 2022 WL 1316427, at *5–*6 (D.D.C. May 3, 2022). The Court will now do the same here, finding that the fourth *TRAC* factor weighs strongly against Plaintiff.

## D. *TRAC* Factor Six

Finally, the sixth *TRAC* factor states that a "[c]ourt need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed." *Ghadami*, 2020 WL 1308376, at *9.  The Court "must determine whether the agency has acted in bad faith in delaying action." *Gona v. U.S. Citizenship & Immigr. Servs.*, 20-3680 (RCL), 2021 WL 736810, at *5 (D.D.C. Feb. 25, 2021).

Here, Plaintiff has not alleged any bad faith on the part of Defendants.  *See generally* Compl.  As *TRAC* directs, however, the lack of plausible allegations of impropriety does not weigh against Plaintiff Jahangiri, and therefore does not alter the Court's analysis.  *See Palakuru*, 2021 WL 674162, at *6 (considering the sixth TRAC factor "neutral" even though the plaintiff alleged that the government had engaged in "purposeful delay" and "artificially inflate[d] [] processing times").

\*      \*      \*

Altogether the Court finds that, based on the Court's analysis under the *TRAC* factors, it is "patently obvious" that Plaintiff Jahangiri cannot prevail on the facts alleged in his Complaint to make out a claim for unreasonable delay of his visa application.  Therefore, the Court concludes that Plaintiff's Complaint must be dismissed *sua sponte* for failure to state a claim under Rule 12(b)(6).

### IV. CONCLUSION

For the foregoing reasons, the Court shall shall *sua sponte* **DISMISS** Plaintiffs' [1] Complaint in its entirety. An appropriate order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge